J-S45040-20 & J-S45041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTWAN WHITE | : | |
| | : | |
| Appellant | : | No. 2529 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 27, 2007
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003484-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTWAN WHITE | : | |
| | : | |
| Appellant | : | No. 2530 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 27, 2007
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003485-2007

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 3, 2020**

This case returns to us following remand, after we vacated the order of the PCRA court, and remanded for further proceedings, including the reinstatement of direct appeal rights.  *See generally*, *Commonwealth v. White*, 1950 EDA 2018, *1-9 (Pa. Super. Apr. 29, 2019) (unpublished memorandum).

Antwan White (Appellant) appeals from the judgment of sentence imposed after he entered a plea to multiple charges, including attempted murder. We recounted much of the factual and protracted procedural history of this case as follows:

> While Appellant was on nominal bail for the charges arising out of a previous incident on July 23, 2004, he committed another crime on December 29, 2006. At around 6:30 p.m. that day, Manh Doan ("Mr. Doan") was returning a vehicle to a friend on the 2800 block of Bittern Place. Mr. Doan was approached by Appellant and another man, both armed with guns, who demanded his car and money. The males then took the 1994 Mercury Grand Marquis, two cell phones, and [4] dollars and fled the scene.
>
> Officer Michael Williams, who was off-duty, observed the incident and gave chase. Officer Williams followed the vehicle all the way to the area of 6500 Eastwick Avenue, where the males stopped the stolen vehicle. The male in the passenger side of the vehicle exited, fired multiple times at Officer Williams, and got back into the vehicle. As the two males fled over the Passayunk Avenue Bridge, they fired their guns at Officer Williams, who continued to pursue them. At that point, Officer Williams got out of his car and returned fire at the stolen vehicle. The males in the stolen vehicle turned off the bridge and into the Sunoco refinery across the road. Officer Williams followed the vehicle into the police traffic division parking lot entrance. The males in the stolen vehicle made a U-turn and drove toward Officer Williams, who discharged his weapon as they passed him. Officer Williams continued to follow them. The two males stopped the stolen vehicle at 6th and Ritner Streets and fled on foot. The driver of the stolen vehicle was later identified as Appellant. Appellant was arrested at 6th and Wolf Streets by Officer Williams and other responding police officers. The passenger escaped, but was later identified and apprehended. As a result of this December 29, 2006 incident, the Commonwealth initiated two additional complaints against Appellant.
>
> On July 7, 2007, Appellant pled guilty to attempted murder, conspiracy, robbery of a motor vehicle, and carrying a firearm

without a license.[1]  On July 27, 2007, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' incarceration.[2] Appellant did not immediately file a direct appeal.  On March 28, 2008, Appellant filed a *pro se* [petition pursuant to the Post Conviction Relief Act (PCRA)[3]], alleging ineffective assistance of counsel for failure to file a direct appeal.  The trial court then reinstated Appellant's direct appeal rights *nunc pro tunc*.  On September 28, 2010, this Court affirmed Appellant's judgment of sentence[.] . . .  On August 8, 2011, our Supreme Court denied further review.  ***See Commonwealth v. White***, 26 A.3d 483 (Pa. 2011).  . . .

Appellant filed a *pro se* PCRA petition on February 2, 2012. The PCRA court appointed counsel and four amended petitions were subsequently filed.  The PCRA court denied the petition on June 22, 2018.  [Appellant filed a timely appeal.]

***Commonwealth v. White***, 1950 EDA 2018, *1-4 (Pa. Super. Apr. 29, 2019)

(unpublished memorandum) (citations and footnotes omitted, footnotes 1, 2,

and 3 added).

---

[1] 18 Pa.C.S.A. §§ 901(a)/2502, 903(a)(1), 3702(a), and 6106(a)(1).

[2] On July 27, 2007, the trial court sentenced Appellant at docket CP-51-CR-0003485-2007 to an aggregate 10 to 20 years of incarceration, followed by 10 years of probation.  At docket CP-51-CR-0003484-2007, the trial court sentenced Appellant to an aggregate 5 to 10 years of incarceration followed by 10 years of probation, to be served concurrently with his sentence at CP-51-CR-0003485-2007.  That same day, the court sentenced Appellant to 5 to 10 years of incarceration followed by 10 years' probation at an unrelated docket, CP-51-CR-1208511-2004.  The trial court ordered Appellant's sentences at CP-51-CR-0003485-2007 & CP-51-CR-0003484-2007 to run consecutively to his sentence at CP-51-CR-1208511-2004.  In total, Appellant was sentenced to 15 to 30 years of incarceration, followed by 10 years of probation.

[3] 42 Pa.C.S.A. §§ 9541-9546.

In the appeal that preceded this one, Appellant claimed ineffective assistance of direct appeal counsel for failure to transmit the complete record to this Court.[4]  *Id.* at *4.  We agreed, after finding that direct appeal counsel was ineffective for failing to transmit a complete record in the prior appeal to the Superior Court, and concluded that Appellant "had yet to obtain a 'full, fair, and counseled opportunity to present his claims.'"  *Id.* at *6 (citation and

---

[4] Appellant also raised an illegal sentencing claim based on *Alleyne v. United States*, 570 U.S. 99 (2013).  *See White*, 1950 EDA 2018, at *7-9.  In declining to address the merits of Appellant's claim, we stated:

> Based on the record before us, it is unclear whether Appellant is actually serving an illegal mandatory minimum sentence.  Neither Appellant nor the PCRA court identified a mandatory minimum sentence that was imposed in this case.  In his brief, Appellant discusses *Alleyne* and its progeny at length, but he does not identify an illegal sentence that he is serving.  Similarly, the PCRA court did not identify which of Appellant's charges resulted in a mandatory minimum sentence.  Therefore, we offer no opinion on the merits of Appellant's *Alleyne* challenge.  However, should Appellant choose to pursue this issue once his direct appeal rights are reinstated, the relevant mandatory minimum sentence should be identified.

*Id.* at *8-9.  In the instant appeal, Appellant has abandoned this claim.  *See* Appellant's Brief at 1-17.  *See also Commonwealth v. Heggins*, 809 A.2d 908, 916 n.2 (Pa. Super. 2002) (a claim previously identified, but not raised in an appellant's brief, is abandoned for purposes of our review).  We recognize that legality of sentencing claims are not waivable.  *See Commonwealth v. Hill*, --- A.3d ----, 2020 WL 5816028, *7 (Pa. Sept. 30, 2020).  However, like the prior panel, we are unable to discern from the record whether Appellant is serving an illegal mandatory minimum sentence.  As Appellant has "chosen not to pursue or identify" this issue, *White*, *supra*, we do not address it further.

italics omitted).  Thus, we vacated the order and remanded the case for the reinstatement of Appellant's direct appeal rights *nunc pro tunc*.  **Id.** at *6-7.

The trial court reinstated Appellant's direct appeal rights *nunc pro tunc* on August 2, 2019.  On August 29, 2019, Appellant filed two separate notices of appeal.[5]  Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents one claim for review:

> 1. Did the [trial court] err in imposing an excessive sentence by running the sentences for the two cases that are the subject to this appeal consecutive to the sentence in CP-51-1208511-2004?

Appellant's Briefs at 8.

Appellant challenges the discretionary aspects of his sentence.  "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant

---

[5] Appellant has complied with our Supreme Court's directive in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) by filing separate notices of appeal at each docket, "where a single order resolves issues arising on more than one docket." **Id.** at 971.  Upon receipt of Appellant's notices of appeal, this Court assigned each one a Superior Court docket number. However, because both involve the same appellant and the same issue, and the briefs are identical, we address them in this one decision.

- 5 -

filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process."

***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claim in timely post-sentence motions,[6] filing timely notices of appeal, and including in his briefs the same Rule 2119(f) concise statement. **See** Appellant's Briefs at 12. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court abused its discretion by imposing an "excessive sentence by running the sentences for the two cases that are the subject to this appeal consecutive to the sentence in CP-51-1208511-2004[.]" Appellant's Briefs at 8. Further, Appellant alleges the trial court failed to "state an adequate basis for the sentence imposed at the sentencing." ***Id.*** at 12. Appellant raises a substantial question. ***See Commonwealth v.***

---

[6] On August 6, 2007, Appellant filed a motion for reconsideration of sentence at each trial court docket number, raising an identical discretionary sentencing claim in both motions.

*Miller*, 835 A.3d 377, 380 (Pa. Super. 2003) ("This Court has held that an assertion that the sentencing court failed to sufficiently state its reasons for the sentence imposed raises a substantial question.") (citation omitted).

We review Appellant's claim mindful of the following:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

Furthermore:

- 7 -

> The [sentencing] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b), however, the record as a whole must reflect due consideration by the court of the statutory considerations at the time of sentencing. A sentencing court's indication that it has reviewed a pre-sentence report can satisfy the requirement of placing reasons for imposing sentence on the record. In addition, our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (citations omitted).

At sentencing, the Honorable Sandy L.V. Byrd, who has presided as the trial court throughout this case, specifically stated that he had reviewed Appellant's pre-sentence investigation report. N.T., 7/27/07, at 5. Before imposing Appellant's sentence, Judge Byrd commented:

> [Appellant], I am obliged to point out that before I impose sentence I've considered all the factors that our Appellate Court and legislature have required by taking into consideration the communities need to be protected and your need for rehabilitation. I've factored in your youth and the fact that you have entered a plea of guilty and saved the Commonwealth an expense and uncertainty of bringing you to trial.

> I must also point out, however, at the youthful age of 22, you have quite a track record, seven arrests and five adjudications as a juvenile. Although but one adult conviction by my count, you've had six arrests.

> So when we look at this it goes back to '98, age 12, adjudicated delinquent on the charge of robbery. Age 13, assault; age 14, possession with intent to deliver; age 15, theft; age 16, unauthorized use of an automobile. The only period where there was a hiatus was between 16 and 19. Where at age 19 you

committed the first of these occurrences that bring you here today; then at age 21, the last two.

The interesting thing about all of this is the fact that you are indeed a bright person, and having obtained your GED sets you apart from most because most do absolutely nothing.

The psychiatric diagnosis does not suggest anything other than you smoke marijuana and refers to you as a person with adjustment disorder, mixed type. There's no compelling underlying psychiatric reason for your violent behavior.

But having said all of that, I am mindful of the fact that you by virtue of entering a plea of guilty, you are entitled to or, rather, the [c]ourt should consider a mitigated sentence and the sentence imposed will reflect that.

N.T., 7/27/07, at 20-22.

Most recently, Judge Byrd opined:

[Appellant's] single claim is that his sentence of [15] to [30] years of state incarceration was excessive because this court should not have ordered the sentence on the attempted murder charge [at] CP-51-0003485-2007 to run consecutive to the sentence imposed on the robbery charge on CP-51-CR-1208511-2004.

\*    \*    \*

[T]he aggregate sentence imposed on [Appellant] was neither unduly harsh nor manifestly excessive. Nor can it be said that this court abused its discretion. Here, where the court could have sentenced [Appellant] to a term of [56] to [112] years in prison, he received an aggregate term of [15] to [30] years of incarceration followed by [10] years [of] probation. . . .

At the sentencing hearing, this court acknowledged having read and taken into account [Appellant's] pre-sentence investigation report, mental health evaluation, and the sentencing guidelines. Further, this court also considered the community's need to be protected, [Appellant's] need for rehabilitation, the nature and gravity of the crimes, and the fact that [Appellant] pled

guilty to the charges rather than proceeding to trial. N.T., 7/27/07, 5, 20-21.

Trial Court Opinion, 11/6/19, at 6-10.

We discern no error. In addition to reading and referencing the pre-sentence investigation report, the trial court specifically referenced Appellant's age, rehabilitative needs, prior record, education, psychiatric diagnosis, and the fact that he entered into a plea. Ultimately, and in its discretion, the trial court ordered Appellant's sentences to run consecutively. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). Because the record reflects that the trial court considered the appropriate factors and provided reasons for the sentence, Appellant's discretionary sentencing claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/03/2020